IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-14-217-13-C |
| | ) | |
| RICHARD BOYD CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release. In support, Defendant points to his medical conditions – asthma, opacification of the maxillary sinuses, and a history of infection with the COVID-19 virus. Defendant argues these conditions increase his risk of complications should he again contract COVID-19. Plaintiff has filed a Response to the Motions and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. As Plaintiff notes, Defendant has failed to offer any evidence he met the required step of exhausting administrative remedies. Section 3582(c)(1)(A) requires an individual seeking relief to first file a request with the warden at the facility of incarceration. If that request is denied or deemed denied, then and only then may relief be sought in court. Here, Defendant asserts that he requested relief from the warden at his facility and then

waited more than 30 days for a response prior to seeking relief from the Court. Plaintiff challenges that assertion, noting that Defendant did not include evidence of any request to the warden and a review of the files at the two facilities where Defendant has been incarcerated do not contain a request. In his Reply, Defendant argues that his mother did in fact submit a request to the warden and that request must have been lost. Because Defendant's request fails in any event, it is unnecessary to resolve this dispute.

Assuming without deciding that Defendant's medical conditions demonstrate extraordinary and compelling reasons for early release, the next step is to consider whether consideration of the 18 U.S.C. § 3553(a) factors support early release. Defendant's request fails at this step.

18 U.S.C. § 3553(a)(2)(A), states: "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" When considering this factor, the Court finds that the nature of Defendant's criminal conduct leading to his incarceration does not demonstrate that early release is warranted. Defendant's criminal conduct was significant and warranted a sentence of 150 months. While the Court applauds Defendant for the efforts he has made at rehabilitation while incarcerated, the nature of the crimes he committed and his actions when committing those crimes warrant a sentence of substantial length. The Court finds that serving approximately half of the sentence imposed is insufficient to reflect the seriousness of the offense and/or to provide adequate punishment for the offense.

For the reasons set forth herein, Defendant's Emergency Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Dkt. No.1103) is DENIED.

IT IS SO ORDERED this 22nd day of February, 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge